AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### EL PASO DIVISION

FILED
2006 AUG 25 PM 4: 19
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

AMELIA PEREZ DE ACOSTA

Defendant.

Case Number   EP-06-CR-517 PRM(1)
USM Number   65537-180

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, AMELIA PEREZ DE ACOSTA, was represented by Alex Melendez.

The defendant was found guilty on Counts 1 and 2, by a jury verdict on June 14, 2006 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such Counts, involving the following offenses:

| Title & Section | Nature of Offense | Offense Ended | Counts |
|---|---|---|---|
| 21 USC 846, and 841 | Conspiracy to possess w/intent to distribute a controlled substance, to-wit: cocaine > 5 kg | 2-15-2006 | 1 |
| 21 USC 841 | Possession w/intent to distribute a controlled substance, to-wit: cocaine > 5 kg | 2-15-2006 | 2 |

As pronounced on August 23, 2006, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 23rd day of August, 2006.

PHILIP R. MARTINEZ
United States District Judge

Judgment--Page 2

Defendant: AMELIA PEREZ DE ACOSTA
Case Number: EP-06-CR-517 PRM(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one-hundred and fifty-one (151) months on each of Counts 1 and 2, to be served concurrently with credit for time served while in custody for this federal offense.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I., Dublin, California.

That the defendant participate in a mental health program while incarcerated.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant: AMELIA PEREZ DE ACOSTA
Case Number: EP-06-CR-517 PRM(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on non-reporting supervised release for a term of five (5) years on each of Counts 1 and 2, to be served concurrently.

While on non-reporting supervised release, the defendant shall comply with the following conditions:

__x__   The defendant shall not enter the United States without legal documents.

__x__   The defendant shall not commit any other federal, state or local crime.

__x__   The mandatory drug testing provision of the Violent Crime Control and Law Enforcement Act of 1994 is suspended.

__x__   If the defendant is excluded, deported or removed upon release from imprisonment, the term of supervised release shall be non-reporting supervised release. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

Judgment--Page 4

Defendant: AMELIA PEREZ DE ACOSTA
Case Number: EP-06-CR-517 PRM(1)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 511 E. San Antonio Street, Room 219 El Paso, Texas 79901.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTAL: | $200.00        | $0       | $0              |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $200.00. Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.