IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. EP-06-CR-517-PRM (2) |
| MARTHA BARRAZA-AGUIRRE, ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. §3582(c)(2) AND U.S.S.G. §1B1.10(c)**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files its response to Defendant's Motion for Reduction of Sentence filed pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 (c) and would respectfully show the Court as follows.

**I.**

**BACKGROUND**

On March 15, 2006, Martha Barraza-Aguirre and her co-defendant Amelia Perez De Acosta, were charged by Indictment with Conspiracy to Possess with Intent to Distribute a Controlled Substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(ii) (Count 1); and Possession with Intent to Distribute a Controlled Substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). *See* Indictment attached as "Exhibit A". On June 14, 2006, the Defendant was found guilty on both counts in the Indictment by a jury verdict. *See* Judgment attached as "Exhibit B". On August 24, 2006, the Defendant was sentenced to a 121 month term of imprisonment and five years supervised release. *See* "Exhibit B".

The Defendant now requests a reduction in her sentence based upon the amendment to the Sentencing Guidelines with respect to cocaine base. However, the Indictment and Judgment makes

clear that the Defendant was indicted, convicted and sentenced for crimes involving cocaine as opposed to cocaine base. See "Exhibit A" and "Exhibit B".

## II.

## ISSUE

The Defendant now files a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10(c), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses.

## III.

## ARGUMENT

**A.   Application of Title 18, United States Code, Section 3582(c)(2) and U.S.S.G. §1B1.10.**

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *See, e.g., United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir.

Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). *See* U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
>   (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

**B.    This amendment is not applicable to the Defendant's case because the Defendant's case did not involve cocaine base ("crack.").**

The Defendant's motion should be denied for the simple reason that her case did not involve cocaine base ("crack"), and she was not sentenced pursuant to the portions of Section 2D1.1 altered by Amendment 706. As stated above, the Defendant's offense involved cocaine, and there has been no change to the guidelines applicable in this case. Pursuant to 18 U.S.C. § 3582(c)(2), a

---

1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

3

defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2). *See also id.* app. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range.") Because Amendment 706 and all other listed amendments are inapplicable to the Defendant, the Defendant's motion should be summarily denied. *See, e.g., United States v. Gamble*, 2008 WL 719209 (E.D. Ark. Mar. 14, 2008); *United States v. Herrera-Gamboa*, 2008 WL 624100 (S.D. Tex. Mar. 5, 2008); *United States v. De Garcia*, 2008 WL 465352 (S.D. Tex. Feb. 19, 2008).

Based on the foregoing, it is respectfully requested that Defendant's Motion filed pursuant to 18 U.S.C. §3582(c) and U.S.S.G. §1B1.10(c) be denied.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY: _____
CRAIG H. RUSSELL
Assistant U.S. Attorney
Texas Bar # 24028917
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on the 27 day of March, 2008, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System and will be mailed to the following following non CM/ECF participant:

Martha Barraza-Aguirre
Reg. No. 65538-180
SFF Hazelton
Bruceton Mills, WV 26525-3000

                                                                                   _____
                                                                                   CRAIG H. RUSSELL
                                                                                   Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. EP-06-CR-517-PRM (2) |
| | ) |
| MARTHA BARRAZA-AGUIRRE, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Came on to be considered Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10(c), and after careful consideration, it is determined by the Court that Defendant's motion should be in all things DENIED.

So ORDERED.  SIGNED and ENTERED this the _____ day of _____, 2008.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**AMELIA PEREZ DE ACOSTA and**<br>**MARTHA BARRAZA-AGUIRRE,**<br><br>Defendants. | ) CRIMINAL NO. EP-06-CR-<br>)<br>) <u>INDICTMENT</u><br>)<br>) **CT 1:** 21:846 & 841(a)(1) -<br>) Conspiracy to Possess with<br>) Intent to Distribute a Controlled<br>) Substance<br>) **CT 2:** 21:841(a)(1) - Possession with<br>) Intent to Distribute a Controlled<br>) Substance |

EP06CR0517

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(21 U.S.C. §§ 846 & 841(a)(1) & 841(b)(1)(B)(ii))

That on or about February 15, 2006, in the Western District of Texas, Defendants,

**AMELIA PEREZ DE ACOSTA and**
**MARTHA BARRAZA-AGUIRRE,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

17

GOVERNMENT EXHIBIT
EP-06-CR-517-PRM CASE NO.
EXHIBIT NO. A

## COUNT TWO
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii))

That on or about February 15, 2006, in the Western District of Texas, Defendants,

**AMELIA PEREZ DE ACOSTA and
MARTHA BARRAZA-AGUIRRE,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney

AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment In a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### EL PASO DIVISION

FILED 2006 AUG 25 PM 4:17

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

v.

MARTHA BARRAZA-AGUIRRE

Defendant.

Case Number   EP-06-CR-517 PRM(2)
USM Number    65538-180

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, MARTHA BARRAZA-AGUIRRE, was represented by Luis Islas.

The defendant was found guilty on Counts 1 and 2, by a jury verdict on June 14, 2006 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such Counts, involving the following offenses:

| Title & Section | Nature of Offense | Offense Ended | Counts |
|---|---|---|---|
| 21 USC 846, and 841 | Conspiracy to possess w/intent to distribute a controlled substance, to-wit: cocaine > 5 kg | 2-15-2006 | 1 |
| 21 USC 841 | Possession w/intent to distribute a controlled substance, to-wit: cocaine > 5 kg | 2-15-2006 | 2 |

As pronounced on August 24, 2006, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 24th day of August, 2006.

PHILIP R. MARTINEZ
United States District Judge

GOVERNMENT EXHIBIT
EP-06-CR-517-PRM
CASE NO.
EXHIBIT NO. B

AO 245 B (Rev. 06/05)(W.D.TX.) - Imprisonment

Judgment--Page 2

Defendant: MARTHA BARRAZA-AGUIRRE
Case Number: EP-06-CR-517 PRM(2)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one-hundred and twenty-one (121) months on each of Counts 1 and 2, to be served concurrently with credit for time served while in custody for this federal offense.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I., Phoenix, Arizona.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant: MARTHA BARRAZA-AGUIRRE
Case Number: EP-06-CR-517 PRM(2)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on non-reporting supervised release for a term of five (5) years on each of Counts 1 and 2, to be served concurrently.

While on non-reporting supervised release, the defendant shall comply with the following conditions:

__x__   The defendant shall not enter the United States without legal documents.

__x__   The defendant shall not commit any other federal, state or local crime.

__x__   The mandatory drug testing provision of the Violent Crime Control and Law Enforcement Act of 1994 is suspended.

__x__   If the defendant is excluded, deported or removed upon release from imprisonment, the term of supervised release shall be non-reporting supervised release. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment--Page 4

Defendant: MARTHA BARRAZA-AGUIRRE
Case Number: EP-06-CR-517 PRM(2)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 511 E. San Antonio Street, Room 219 El Paso, Texas 79901.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTAL: | $200.00        | $0       | $0              |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $200.00. Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.