IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| AMELIA PEREZ DE ACOSTA, | § | |
| Movant, | § | |
| | § | EP-09-CA-038-PRM |
| v. | § | EP-06-CR-517-PRM |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Amelia Perez De Acosta ("Perez") *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" ("Motion to Vacate") [Docket No. 114].[1] Therein, Perez challenges her jury convictions for conspiracy to possess and possession with intent to distribute cocaine.

In order for a court to exercise subject-matter jurisdiction over a claim, the claim must be ripe for review.[2] A § 2255 motion filed while a direct appeal is pending is generally not ripe for consideration because "the disposition of the appeal may render the motion moot."[3] "[T]he orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances."[4] Further, the United States Court of Appeals for the Fifth Circuit has

---

[1] "Docket" in this context refers to the criminal docket in cause number EP-06-CR-517-PRM.

[2] *See United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003) (explaining when a "claim is not ripe for review" the court lacks jurisdiction over it); *DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 468-69 (5th Cir. 1994) (holding that when claims "are not ripe for judicial review," they must be dismissed "for lack of subject matter jurisdiction."); *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1993) ("[R]ipeness is a jurisdictional requirement that cannot be waived.").

[3] *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968), *abrogated on other grounds, United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988).

[4] *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968).

specifically "held that a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal."[5] Additionally, the Fifth Circuit has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending.[6] Accordingly, a court should normally dismiss a movant's § 2255 motion when a direct appeal is pending without prejudice to the movant reasserting his motion after the appellate court has ruled on his direct appeal.[7]

It appears from the record that Perez has an appeal pending before the Fifth Circuit.[8] The Court finds no extraordinary circumstances justifying its consideration of Perez's Motion to Vacate while her direct appeal is pending.[9] Accordingly, Movant Amelia Perez De Acosta *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" [Docket No. 114] is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED.**

SIGNED this 9th day of February 2009.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[5] *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988).

[6] *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (holding that a motion to vacate under section 2255 is "not entitled to consideration on the merits" when the direct appeal remains pending).

[7] *Id.*

[8] *United States v. Perez De Acosta*, No. 08-50151 (5th Cir. appeal docketed Feb. 12, 2008).

[9] *See United States v. Wollard*, 416 F.2d 50, 51 (5th Cir. 1968) (citing *Womack* favorably).