IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

AMELIA PEREZ DE ACOSTA
    Petitioner

    v.

UNITED STATES OF AMERICA
    Respondent

Case No.#:

EP-06-CR-517-PRM

## MOTION TO RECALL MANDATE

**COMES NOW**, Petitioner Amelia Perez de Acosta, pro se, before this honorable Court in the above captioned case, and respectfully moves for an **ORDER** to recall the January 20, 2010, Judge Philip R. Martinez's, order that denied Mrs. Perez's "second" pro se motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence and in support thereof avers as follows:

### PROCEDURAL HISTORY

1. The Petitioner was convicted after a three day trial, in violation of Conspiracy to Possess (21 U.S.C. § 846) and Possession with the Intent to Distribute Cocaine (21 U.S.C. § 841(a)(1)).
2. Mrs. Perez was sentenced herein the 23rd day of August 2006, to a term of 151 months imprisonment on each count to be served concurrently, followed by five years supervised release.
3. Mrs. Perez timely filed a notice of appeal and on August 7, 2007, the Fifth Circuit affirmed her conviction. Thus, Mrs. Perez's conviction became final on **November 5, 2007,** when the 90 day period for filing a petition for writ of certiorari expired. The time period for filing a § 2255 motion within one year after conviction became final expired on

November 5, 2008.

4. On February 5, 2008, although Mrs. Perez had not yet filed a § 2255 motion to vacate, she mistakenly filed a **second** appeal on "the final judgement entered by the District Court...on August 23, 2006...because the order denied the Petitioner relief pursuant to her § 2255 motion attacking her sentence in this matter." (2010 U.S. Dist. LEXIS 47886::Perez de Acosta v. United States::January 20, 2010).

5. In October 2008, before the expiration of the one year deadline, Mrs. Perez filed her **first** § 2255 motion, inadvertently, in West Virginia (the District where she is currently housed and not the District she was convicted in). The application was received in October 2008, however the West Virginia District Court lacked jurisdiction, so the Court forwarded the motion to the United States District Court for the Western District of Texas for proper review, filed January 23, 2009. (Exhibits # 1 and 2).

6. On February 9, 2009, because Mrs. Perez's **second** appeal, attacking the non-existent § 2255 motion was pending the District Court did not address the merits of her claims in her **first** § 2255 motion and dismissed the motion without prejudice.(Exhibit #3)

7. On March 11, 2009, the Fifth Circuit granted Mrs. Perez's motion to voluntarily dismiss her **second** appeal.(Exhibit #4)

8. On January 7, 2010, the date signed and presumably mailed to the District Court, Mrs. Perez filed a **second** § 2255 motion to vacate and the Court dismissed the motion as untimely because it was filed 429 days beyond the deadline date of November 5, 2008. (Exhibit #5)

## LEGAL STANDARD

A. Section 2255

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001)(citing United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed. 2d 816 (1982)). Accordingly, "'(r)elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would,

if condoned, result in a complete miscarriage of justice.'" United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996)(quoting United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994)). "As a result review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). This procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed. 2d 714 (2003) (holding that ineffective assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal.)

B. Limitations

A § 2255 motion to vacate, set aside, or correct a sentence is subject to a one year limitations period. 28 U.S.C.A. § 2255(f) (West 2010). A federal prisoner must file her motion within one year from the date on which (1) the judgement became final; (2) the government created impediment to filing the motion was removed; (3) the United States Supreme Court intially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the Petitioner could have discovered, through due diligence, the factual predicate for the motion. United States v. Brown, 305 F.3d 304, 306-307 (5th Cir. 2002).

C. Equitable Tolling

The one year limitations period is not jurisdictional and is subject to equitable tolling. United States v. Flores, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998). Equitable Tolling is not available for "'garden variety claims of excusable negelct'". Lookingbill v. Cockreli, 293 F.3d 256, 264 (5th Cir. 2002). It is justified only "in rare and exceptional circumstances." Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002)(quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Such circumstances include situations,

in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting (her) rights'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Additionally, "'(e)quity is not intended for those who sleep on their rights.'" Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999)(quoting Covey v. Arkansas river Co., 865 F.2d 660, 662 (5th Cir. 1999). Rather, "'(e)quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of her claim.'" Pacheco v. Rice, 966 F.2d 904, 906-07 (5th Cir. 1992). Moreover, a movant has the burden, she must show "(1) that (s)he has been pursuing (her) rights diligently, and (2) that some extraordinary circumstance stood in (her) way" of timely filing (her) § 2255 motion. Lawerence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed. 2d 924 (2007). Finally, "(t)he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion. Cousin, 310 F.3d at 848.

D. Recall the Mandate

In Hines v. Royal Indemnity Co., 253 F.2d 111, 114 (6th Cir. 1958): "A mandate once issued will not be recalled except by order of the court for good cause shown." The "good cause" requisite for recall of mandate is the showing of need to avoid injustice. "Usually the issuance of a mandate by the court means that the litigation has come to an end...This court can, however, recall its mandate to prevent injustice." Gradsky v. United States, 376 F. 2d 993, 995 (5th Cir. 1967).

While the authority of the appellate court to recall a mandate to prevent injustice is not expressly set forth in a statute, it has a foundation in statute as well as the inherent power of a court. Refer to 28 U.S.C. § 2106--a longstanding provision that was reiterated in the 1948 enactment of the Judicial Code that abolished the "term" concept. Section 2106 expressly authorizes an appellate court to affirm, modify, or vacate any judgement or order of a court brought before it for review, and enter such judgement or require such further proceedings "as may be jsut under the circumstances." 28 U.S.C. § 2106. While § 2106 applies in terms only to review of a court order, its basic principle is not inapposite to appellate

review of agency orders.

E. Analysis

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent Petitioner from timely pursuing a federal habeas corpus. Holland v. Florida, 130 S.Ct. 2549, 2562, 177 L.Ed. 2d 130 (2010) (quoting Pace, 544 U.S. at 418); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed. 2d 991 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed. 2d 558 (1999). Equitable tolling is warranted **only** in situations where the Petitioner was actively misled or prevented in some extraordinary way from asserting her rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

Mrs. Perez argues that her case represents one of the rare instances where equitable tolling is justified and should be granted because, on January 7, 2010, the District Court dismissed her **second** § 2255 motion to vacate as untimely (exhibit #5) due to the motion being filed 429 days beyond the deadline date of November 5, 2008. The Court further stated that Mrs. Perez's **second** notice of appeal attacking the denial of her non-existent § 2255 motion, filed on February 5, 2008, did not toll the one year statue of limitations in filing her **first** § 2255. However, when Mrs. Perez timely filed her **first** § 2255 motion, in October 2008, the Court dismissed the motion without prejudice and refused to address the merits of her claims because her **second** notice of appeal was pending.(exhibit #1, 2, and 3). If Mrs. Perez waited until the Fifth Circuit granted her motion to voluntarily dismiss her **second** appeal, in March 2009 (exhibit #4), before filing her **first** § 2255 motion, the **first** § 2255 motion would have, rightly so, been untimely. Thus, the only plausible position for Mrs. Perez was to timely file the **first** § 2255 motion, in October 2008, in which she did. The District Court abused its discretion by dismissing the **first** § 2255 motion because the notice of appeal was pending and then after that motion was dismissed stating that the **second** notice of appeal did not toll the one year

statue of limitations. "'...(T)here is no juridictional bar to the District Court's entertaining a Section 2255 motion during the presence of a appeal, but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.'" Woollard v. United States, 416 F.2d 50, 51 (5th Cir. 1998)(quoting Womack, 395 F.2d at 631).

The extraordinary of the District Court's encumbrance causes equitable tolling to apply in this case because the mistake is clear and without correction creates a miscarriage of justice.

F. Conclusion

**WHEREFORE,** for the foregoing and forestated reasons the Petitioner respectfully requests this Honorable Court for an **ORDER** recalling the January 20, 2010 mandate.

Date: February 20, 2012

Respectfully Submitted,

Amelia Perez de Acosta

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

AMELIA PEREZ de ACOSTA,

      Movant,

v.                                    Case No. 2:08-cv-01285

UNITED STATES OF AMERICA,

      Respondent.

## ORDER TRANSFERRING CASE

On October 31, 2008, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket # 1). It is signed and dated September 24, 2008. The envelope is post-marked October 31, 2008. Movant is a prisoner at Hazelton S.F.F. [Secure Female Facility], located at Bruceton Mills, West Virginia, within the Northern District of West Virginia. It is not clear why she filed this § 2255 motion in this district. This matter is referred to the undersigned magistrate judge for initial screening.

The undersigned has determined that this Motion concerns Movant's conviction and sentence imposed in the United States District Court for the Western District of Texas at El Paso, United States v. Perez de Acosta, No. 3:06-cr-517-PRM-1. Pursuant to 28 U.S.C. § 2255(a), a collateral challenge to a Federal conviction and sentence must be filed in the district court in which the

Exhibit 1-2

sentence was imposed. It appears that Movant has requested § 2255 forms from the U.S. Court of Appeals for the Fifth Circuit. Courts of appeals do not have such forms. Accordingly, the United States District Court for the Western District of Texas, El Paso Division, is the proper court with jurisdiction over Movant's motion.

In order to preserve the date on which Movant filed her motion, and pursuant to 28 U.S.C. § 1404(a), it is hereby **ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the Western District of Texas, El Paso Division, for further consideration.[1]

The Clerk is directed to mail a copy of this Order to Movant.

ENTER: November 17, 2008

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

---

[1] The undersigned notes that this court has not made any determination concerning the timeliness of Movant's motion.

2



Amelia Perez DeAcosta vs. USA
2:08-1285

**FILED** NOV 13, 2008
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

**ENTERED** AUG -1
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

STANDING ORDER IN RE:
ASSIGNMENT AND REFERRAL OF CIVIL ACTIONS
AND MATTERS TO MAGISTRATE JUDGES

Pursuant to Title 28, United States Code, Section 636, it is hereby **ORDERED** that certain types of civil actions and matters shall be assigned and referred as follows:

* For the Beckley and Bluefield Divisions, to the Honorable R. Clarke VanDervort, United States Magistrate Judge;

* For the Charleston and Parkersburg Divisions, to the Honorable Mary E. Stanley, United States Magistrate Judge; and

* For the Huntington Division, to the Honorable Maurice G. Taylor, United States Magistrate Judge.

The matters referred in all civil cases are:

1. Applications to proceed in forma pauperis;
2. Discovery disputes; and
3. Discovery disputes which arise post-judgment (e.g., interrogatories in aid of execution, judgment debtor examinations, motions to compel answers to suggestions).

The types of civil cases which are referred for total pretrial management and submission of proposed findings of fact and recommendations for disposition are: Actions for judicial review of an administrative determination under the Social Security Act.

The types of jury or nonjury civil matters assigned for all proceedings, including entry of judgment, are:

1. Actions in which all parties have consented to proceed before a magistrate judge; and
2. Applications for award of attorneys' fees and expenses under the Social Security Act or the Equal Access to Justice Act.

Exhibit 152

Actions filed by persons who are proceeding pro se, whether or not they are in custody (until such person is represented by retained counsel) and actions filed by persons pursuant to 28 U.S.C. §§ 2241, 2254, or 2255, whether or not they are represented by counsel, are referred for total pretrial management and submission of proposed findings of fact and recommendations for disposition as follows:

* Charleston, and Parkersburg Divisions cases shall be referred to Magistrate Judge Stanley.

* Bluefield Division cases shall be referred to Magistrate Judge VanDervort.

* Beckley Division cases shall be referred to both Magistrate Judge Stanley and Magistrate Judge VanDervort.

* Huntington Division cases shall be referred to Magistrate Judge Taylor.

The Clerk is directed to enter this Order in each action filed on and after August 1, 2006, and to transmit copies to counsel of record and to any unrepresented parties.

**ENTER:**

_David A. Faber_
David A. Faber, Chief Judge

_John T. Copenhaver, Jr._
John T. Copenhaver, Jr., Judge

_Joseph R. Goodwin_
Joseph R. Goodwin, Judge

_Robert C. Chambers_
Robert C. Chambers, Judge

_Thomas E. Johnston_
Thomas E. Johnston, Judge

Exhibit #3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2009 FEB -9 PM 3:43

| | | |
|---|---|---|
| AMELIA PEREZ DE ACOSTA, | § | |
| Movant, | § | |
| | § | EP-09-CA-038-PRM |
| v. | § | EP-06-CR-517-PRM |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINAL JUDGMENT

In accordance with the Memorandum Opinion and Order of this Court signed on this date, the Court enters its final judgment, pursuant to Rule 58 of the Federal Rules of Civil Procedure, as follows:

**IT IS ORDERED** that Movant Amelia Perez De Acosta's civil cause, EP-09-CA-038-PRM, is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall **CLOSE** this case.

SIGNED this ____9th____ day of February 2009.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Amelia Perez de Acosta, certify under penalty of perjury pursuant to 28 U.S.C. § 1746, that a true and correct copy of the foregoing has been placed in the Secure Female Facility mailbox at Hazelton, West Virginia on this 20th day of February 2012, in accordance with the prison mailbox rule in **Houston v. Lack,** 487 U.S. 266 (1988), this above styled motion is deemed filed upon placement in the prison mailroom and mailed to the following:


Clerk of Court
U.S. Courthouse

William G. Putnicki
525 Magoffin Avenue, Room 105
El Paso, Texas 79901


United States Attorney
U.S. Courthouse
700 East San Antonio St., #200
El Paso, Tx 79901


So Served,

Amelia Perez de Acosta

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| AMELIA PEREZ DE ACOSTA<br>    Petitioner<br><br>    v.<br><br>UNITED STATES OF AMERICA<br>    Respondent | Case No.#:<br><br>EP-06-CR-517-PRM |

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner, Amelia Perez de Acosta, pro se, respectfully moves this Honorable Court, pursuant to Rule 39.1 of the Rules of the Supreme Court of the United States and 28 U.S.C. § 1915 for an **ORDER** permitting her to proceed in this Court, In Forma Pauperis, with her Motion to Recall the Mandate and in support thereof, avers as follows:

    1. Petitioner, Amelia Perez de Acosta, respectfully asks leave to file the attached motion in the United States District Court for the Western District of Texas without prepayment of costs and proceed In Forma Pauperis.
    2. The Petitioner's affidavit in support thereof is attached hereto.

Date: February 20, 2012

                                                    Respectfully Submitted,

                                                    Amelia Perez de Acosta

AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

__Western__ District of __Texas__

Amelia Pérez de Acosta
Plaintiff

V.

United States of America
~~Defendant~~ Respondent

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

CASE NUMBER: __EP-06-CR-517-PRM__

I, __Amelia Pérez de Acosta__ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant   ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?   ☒ Yes   ☐ No   (If "No," go to Part 2)

    If "Yes," state the place of your incarceration __SFF-Hazelton, PO Box #3000, Bruceton Mills, WV 26525__

    Are you employed at the institution? __No__   Do you receive any payment from the institution? __No__

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?   ☐ Yes   ☐ No

    a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

    | | | |
    |---|---|---|
    | a. Business, profession or other self-employment | ☐ Yes | ☒ No |
    | b. Rent payments, interest or dividends | ☐ Yes | ☒ No |
    | c. Pensions, annuities or life insurance payments | ☐ Yes | ☒ No |
    | d. Disability or workers compensation payments | ☐ Yes | ☒ No |
    | e. Gifts or inheritances | ☒ Yes | ☐ No |
    | f. Any other sources | ☐ Yes | ☒ No |

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

    $25-50 a month to support myself while I'm in prison