IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| AMELIA PEREZ DE ACOSTA, | § | |
| Petitioner, | § | |
| | § | EP-06-CR-517-PRM |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

ORDER DENYING MOTION FOR REDUCTION
OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

On this day, the Court considered Petitioner Amelia Perez de Acosta's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (ECF No. 133) [hereinafter "Motion"], filed on November 13, 2012, in the above-captioned cause. After due consideration, the Court is of the opinion that the Motion should be denied.

On June 14, 2006, a jury found Petitioner guilty of (1) possessing with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841 and (2) conspiracy to do the same in violation of 21 U.S.C. § 846. J. Crim. Case 1, Aug. 25, 2006, ECF No. 71. The Court then sentenced Petitioner to 151 months' imprisonment on each of the two counts, to be served concurrently. *Id.* 2. Petitioner now argues for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows the Court to reduce an imposed term of imprisonment if the sentencing range applicable to the defendant at the time of sentencing has since been lowered by the United States Sentencing Commission ("USSC"). 18 U.S.C. § 3582(c)(2) (2006).

Petitioner argues that the USSC's 2011 Retroactive Crack Cocaine Guideline Amendment ("2011 Amendment") has reduced the sentencing range applicable in her case to "51 months to 63 months based on . . . Base Offense Level 24, Criminal Category I." Mot. 2, Nov. 13, 2012, ECF No. 133. However, while the 2011 Amendment lowered the sentencing

ranges for offenses involving cocaine *base*,[1] it did not change the sentencing ranges applicable to offenses involving powder cocaine, which the Sentencing Guidelines refer to as simply "cocaine." Sentencing Guidelines for United States Courts, 76 Fed. Reg. 24,960, 24,963–64 (May 3, 2011). The current Guidelines, which incorporate the 2011 Amendment, set the offense level for drug offenses involving between five and fifteen kilograms of cocaine at Level 32. U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2012). The sentencing range prescribed by the Guidelines for Offense Level 32, Criminal History Category I is 121 to 151 months' imprisonment. *Id.* § 5A.

Petitioner was convicted of possessing with intent to distribute and conspiracy to possess with intent to distribute "a controlled substance, to-wit: cocaine > 5 kg." J. Crim. Case 1. Thus, the 2011 Amendment did not change the sentencing range applicable in Petitioner's case; indeed, Petitioner's 151-month sentence is within the proper sentencing range set forth by the most recent Sentencing Guidelines. As a result, Petitioner's Motion must be denied.

Accordingly, **IT IS ORDERED** that Defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (ECF No. 133) is **DENIED.**

**SIGNED** this **22nd day of November, 2013.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court has defined "cocaine base" to mean "cocaine in its chemically basic form," including crack cocaine, coca paste, and freebase. *DePierre v. United States*, 131 S. Ct. 2225, 2227–28 (2011).